**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 07-203-JBC**

**DR. GUILIANG TANG, ET AL.,**                                              **PLAINTIFFS,**

**V.**                               <u>**MEMORANDUM OPINION & ORDER**</u>

**MICHAEL CHERTOFF, ET AL.,**                                              **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on the following motions: first, the plaintiffs'

motion for temporary and preliminary injunctive relief, or, in the alternative, for

expedited summary judgment (DE 6); and second, the defendants' motion to

dismiss for lack of subject matter jurisdiction and for failure to state a claim for

which relief can be granted (DE 8, 9), which was filed in response to the plaintiffs'

motion.  The court has granted the plaintiffs' motion for preliminary injunctive relief

and denied the defendants' motion to dismiss, and writes this opinion to explain its

reasoning.

**I.      BACKGROUND**

The plaintiffs, Dr. Guiliang Tang and Dr. Xiaoqing Tang, are married citizens

of China who reside in Lexington.  Both are researchers at the University of

Kentucky.  Along with their daughter, Wendi Tang, who is also a plaintiff, they filed

Form I-485 Adjustment Status Applications in 2004 with the United States

Citizenship and Immigration Service ("CIS") to obtain permanent resident status.

According to the plaintiffs, they have regularly tracked the status of these applications and "taken all steps possible to facilitate processing of their I-485 Applications including attending CIS mandated biometrics appointments on multiple occasions and updating any changes in residence and employment."[1] (DE 6-2 at 2.) The parties agree that the plaintiffs' I-485 applications, along with thousands of other unrelated applications, are still being processed while the United States Federal Bureau of Investigation ("FBI") conducts a routine background security check. This background check includes an FBI name check, an Interagency Border Inspection System check, and an FBI fingerprint check. The parties also agree that the chief delay in the plaintiffs' application has been the FBI name check;[2] according to the defendants, the FBI has received "millions of name check requests" from CIS since September 11, 2001, "thus taxing that agency's resources and creating a backlog in FBI's performance of complete security checks." (DE 8-3 at 7.)

Dr. Xiaoqing Tang claims, and the defendants do not contest, that she

---

[1] In a declaration submitted by the defendants, a CIS officer named Genize Walker alleges that the plaintiffs have "not made a formal request for expedited processing" by CIS. (DE 8-3 at 11.) Based on the uncontested facts presented at the hearing, the court finds that this allegation is incorrect: the plaintiffs have made at least one formal request to CIS for expedited processing of their applications.

[2] A CIS fact sheet submitted by the defendants suggests that about eighty percent of these FBI name checks are initially resolved in about two weeks, that most of the remaining twenty percent are resolved within six months, and that "[l]ess than one percent of cases subject to an FBI name check remain pending longer than six months." (DE 8-4 at 2.)

submitted a research proposal to the National Institute of Health ("NIH") related to her diabetes research at the University of Kentucky, for which she received a grant worth approximately $300,000.  Dr. Xiaoqing Tang further claims, and the defendants do not contest, that she may lose this research funding if she cannot provide proof of her permanent resident status, or proof of reasonable progress toward her permanent resident status, to NIH by September 5, 2007.[3] Accordingly, the plaintiffs filed this suit for mandamus relief on July 2, 2007, seeking to compel the FBI to complete the necessary background checks as soon as possible and to compel CIS to render a decision on their I-485 applications in time to permit Dr. Xiaoqing Tang to provide the proof necessary to secure her grant. (DE 1-1 at 11.)  On August 17, 2007, the plaintiffs filed the motion for injunctive relief presently before the court, seeking an order directing the FBI to conduct an expedited name check and directing CIS to complete its review of the plaintiffs' applications in a prompt manner.

At the court's direction, the defendants filed an expedited response, which took the form of the motion to dismiss presently before the court.  The defendants suggest that this matter should be dismissed for several reasons: first, they argue that this court lacks mandamus jurisdiction under 28 U.S.C. § 1361 over the plaintiffs' claims; second, they argue that neither the Declaratory Judgment Act, 28

---

[3]  The plaintiffs have been in regular contact with NIH, and NIH's alleged deadline for Dr. Xiaoqing Tang's grant has changed several times over the brief course of this litigation.  Most recently, the plaintiffs informed the court that NIH's alleged deadline is September 5, 2007.

U.S.C. § 2201, nor the Federal Question Statute, 28 U.S.C. § 1331, provides jurisdiction for this court over the plaintiffs' claims; third, they argue that the plaintiffs have not stated a claim for which relief can be granted because alien applications for adjustment of status, which are confined to the discretion of the Attorney General under 8 U.S.C. § 1255, are generally unreviewable under 5 U.S.C. § 702 and expressly exempted from judicial review by 8 U.S.C. § 1252(a)(2); and fourth, they argue that the plaintiffs have not stated a claim for which relief can be granted because no mandatory time frame exists for processing the plaintiffs' applications, and therefore, the plaintiffs' claim that the applications have been unreasonably delayed is unreviewable under 5 U.S.C. § 706.  (DE 8-2 at 13-30.)  In the alternative, the defendants argue that the plaintiffs' motion for injunctive relief should be denied even if the court finds that it has jurisdiction in this case because the plaintiffs have not shown that they will suffer irreparable harm in the absence of injunctive relief.  *Id.* at 30-32.

A hearing on these issues was conducted before the court on August 27, 2007.

## II.    STANDARD OF REVIEW

When defendants raise the issue of lack of subject matter jurisdiction in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the court must determine whether they have attacked the plaintiffs' claim of jurisdiction on its face or the plaintiffs' factual basis for jurisdiction.  More specifically, when the

defendants "attack the claim of jurisdiction on its face, . . . all allegations of the plaintiff must be considered as true," but when the defendants attack the plaintiffs' "factual basis for jurisdiction, . . . the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DXL, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citing, inter alia, *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133-35 (6th Cir. 1996)).  The defendants have not asserted whether they intend for this challenge to be considered as a facial or a factual challenge, but they have submitted affidavits and printed materials from government agencies along with this motion.  In similar cases involving motions expressly designated as facial challenges to jurisdiction, other courts have refused to consider similar evidence, *e.g.*, *Yan Yang v. Gonzales*, No. 2:07-cv-050, 2007 WL 1726501, at *2 (S.D. Ohio June 11, 2007), but this court has construed the defendants' motion as an attack on the plaintiffs' factual basis for jurisdiction and considered the defendants' exhibits.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) "should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In considering such a motion, the court "must accept all factual allegations in the complaint as true.'" *Buchanan*, 249 F.3d at 288 (citing *Gao v.*

*Jenifer*, 185 F.3d 548, 552 (6th Cir. 1999)).[4]

In determining whether to grant a motion for a preliminary injunction, the court must consider and balance four factors: first, the likelihood of success on the merits; second, the likelihood of irreparable injury without the injunction; third, the likelihood of substantial harm to others if the injunction is issued; and fourth, the likelihood that the public interest will be served if the injunction is issued. *E.g., Blue Cross & Blue Shield v. Columbia/HCA Healthcare Corp.*, 110 F. 3d 318, 322 (6th Cir. 1997).

## III.   ANALYSIS

No directly controlling precedent from the Sixth Circuit exists on the issues raised by the parties' motions; however, several district courts across the country

---

[4]   The defendant urges the court to consider its motion to dismiss for failure to state a claim as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure if it does not exclude consideration of matters outside the pleadings.  (DE 8-2 at 11 n.1.)

"Summary judgment is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (citing Fed. R. Civ. P. 56(c)). In ruling on a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the opposing party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Therefore, the court should not "'weigh the evidence and determine the truth of the matter but . . . determine whether there is a genuine issue for trial.'"  *Browning*, 283 F.3d at 769 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  A genuine issue for trial exists only if there is "evidence on which the jury could reasonably find for the" opposing party. *Anderson*, 477 U.S. at 252.

Because the defendants have neither identified any material factual disputes with the plaintiffs' account and exhibits nor identified any matters outside the pleadings which might alter this court's decision, the court will consider this motion, along with the parties' exhibits, as a motion to dismiss.

6

have recently considered substantially similar complaints related to I-485

applications and substantially similar motions to dismiss filed by some or all of the

defendants in this matter.  Unfortunately, the decisions of the various district

courts addressing whether mandamus jurisdiction exists to review such claims are

widely divided.  *Compare Singh v. Still*, 470 F. Supp. 2d 1064, 1072 (N.D. Cal.

2007) (granting a plaintiff's motion for summary judgment and ordering the

defendants "to complete the adjudications of [a plaintiff's] pending I-485

applications forthwith"); *Xu v. Chertoff*, No. 07-366 (DMC), 2007 WL 2033834, at

*4 (D.N.J. July 11, 2007) (concluding that "the duty to process [I-485]

applications within a reasonable time [is] a non-discretionary duty imposed by the

APA and reviewable through the mandamus statute"; *Yan Yang*, 2007 WL

1726501, at *2 (finding a complaint invoking the court's mandamus jurisdiction to

compel the resolution of I-485 applications was sufficient to overcome the

defendants' motion to dismiss for lack of subject matter jurisdiction); *Song v.

Klapakas*, No. 06-05589, 2007 WL 1101283, at **3-5 (E.D. Pa. April 12, 2007)

(finding that "mandamus jurisdiction is appropriate because defendants owe

plaintiffs a non-discretionary duty to act on their adjustment of status applications

in a reasonable time"); *with Qiu v. Chertoff*, 486 F. Supp. 2d 412, 416-21 (D.N.J.

2007) (analyzing several relevant statutes, cases, and regulations, including 8

C.F.R. § 103.2(b)(18), and concluding that because the defendants "have no clear

duty to perform a ministerial act" such as granting an I-485 application, courts lack

mandamus jurisdiction and federal question jurisdiction); *Grinberg v. Swacina*, 478 F. Supp. 2d 1350, 1352-55 (S.D. Fla. 2007) (dismissing a suit for mandamus relief based on a nearly three-year old I-485 application for lack of jurisdiction because the defendants had "no clear duty to adjudicate this application within a particular time"); *Chehab v. Chertoff*, No. 07-11068, 2007 WL 2372356, at *2 (E.D. Mich. Aug. 17, 2007) (citing, inter alia, *Qiu*, 486 F. Supp. 2d at 420, and 8 C.F.R. § 103.2(b), and finding that subject matter jurisdiction did not exist over a complaint for mandamus relief on a Form I-485 application).

The court is persuaded by the reasoning of those courts that have found mandamus jurisdiction exists to review such claims. Although CIS's ultimate decision on the merits of an I-485 application is discretionary, and therefore beyond the scope of mandamus jurisdiction, CIS has a *non-discretionary* duty to reach its decision on an I-485 application, whatever that decision may be, within a reasonable time. Put another way, the defendants' alleged failure to take timely action on the plaintiffs' application is not itself a decision, let alone a discretionary decision, but rather unreasonable inaction, which is the proper subject of mandamus relief.[5]

_____

[5] The court recognizes that "an immigration officer 'may' withhold adjudication every six months if he or she '*determines it is necessary* to continue to withhold adjudication pending completion of the investigation," and the court further recognizes that other courts have held that this may render agency inaction on pending I-485 applications a discretionary, and therefore unreviewable, decision in its own right. *Qiu*, 486 F. Supp. 2d at 418-19 (quoting 8 C.F.R. § 103.2(b)(18)).

The court finds, however, that no such determination of necessity or national

8

The court further finds that the defendants' delay in processing the plaintiffs' applications is an unreasonable breach of that non-discretionary duty.[6]  Similarly, following the reasoning of several other courts addressing this issue, this court will deny the defendants' motion to dismiss under Rule 12(b)(6).  If the plaintiffs' allegations are accepted as true, the resolution of the plaintiffs' I-485 applications has been unreasonably delayed, and neither 8 U.S.C. § 1252 nor 5 U.S.C. § 706 bars the plaintiffs' claims or this court's jurisdiction over the defendants' nondiscretionary duty.

In reaching this conclusion, the court recognizes "that the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *see also Hanbali v. Chertoff*, No. 3:07-CV-50-H, 2007 WL 2407232, at *2 (W.D. Ky. Aug. 17, 2007) (citing *Allied Chemical*, and finding that mandamus jurisdiction was appropriate over a complaint based on a nearly two-year delay by CIS and the FBI in processing an N-

---

interest was made or exists in this case, and therefore, the defendants' inaction here cannot be characterized as a discretionary decision under 8 C.F.R. § 103.2(b)(18).  Accordingly, this court need not and will not decide whether such inaction ever *could* constitute a discretionary, and therefore unreviewable, decision under the reasoning set forth in *Qiu*.

[6]  This finding is partially based on the defendants' inability to provide any meaningful justification for this delay other than their circular assertion that the plaintiffs' application has been delayed because it is mired in an immense backlog of thousands of other similar applications.  Accordingly, the court need not, and will not, address what length of time might have been reasonable in this case, and the court's conclusions about the unreasonableness of the delay in this case need not apply to other situations involving delays of a similar length.

9

400 application for naturalization). To show eligibility for mandamus relief, a

plaintiff must show "that (1) the plaintiff has a 'clear and certain claim' to the relief

sought; (2) the defendant official has a 'nondiscretionary, ministerial' duty to act

'so plainly prescribed as to be free from doubt'; and (3) there is 'no other adequate

remedy available.'" *Hanbali*, 2007 WL 2407232, at *2 (quoting, inter alia, *Patel v.

Reno*, 134 F.3d 929, 931 (9th Cir. 1997)); *see also In re Gregory*, 181 F.3d 713,

715 (6th Cir. 1999) (holding that mandamus should "be invoked only in

extraordinary situations where the petitioner can show a clear and indisputable right

to the relief sought and only in circumstances amounting to a judicial usurpation of

power"). In this matter, the court finds that the plaintiffs have a clear and certain

claim for relief because they do not request review of a particular agency decision,

and because they have not requested an adjudication of their application without

the necessary background checks. Rather, they have simply asked the defendants

to reach a decision on their applications within a reasonable time. Moreover, as

discussed above, the court finds that the defendants have a nondiscretionary duty

to act on the plaintiffs' applications within a reasonable period of time, whatever

their ultimate decision on the merits of those applications may be. Furthermore,

the court finds that the plaintiffs lack adequate alternative remedies beyond

mandamus relief because there is no adequate alternative procedure to obtain

judicial review of the agency inaction at issue.[7]

-----

[7] This court recognizes that issuing writs of mandamus to compel agency
decisions could encourage I-485 applicants to use federal courts as a means to

Finally, the court finds that the plaintiffs have shown that they will suffer irreparable harm in the absence of the requested injunctive relief.[8]  The court further finds that the plaintiffs have shown a likelihood of success on the ultimate merits of their claim, that the public interest will be served by the timely resolution of the plaintiffs' I-485 applications, and that the defendants have shown no likelihood of substantial harm to themselves or to others if the injunction is granted.[9]

---

shuffle to the front of the application line.  Other courts have noted that granting a writ to compel adjudication in cases similar to the matter at hand may "do nothing more than shuffle to the front of the line those I-485 applicants canny enough to file a complaint in federal district court."  *Qiu*, 486 F. Supp. 2d at 420.

The court finds that the plaintiffs in this matter, however, are motivated, at least in part, by something more worthy than canny line-jumping.  More specifically, the court finds that the plaintiffs' desire to preserve Dr. Xiaoqing Tang's important NIH funding distinguishes this case from a case based solely on "'mischievous interference with the functioning of already overburdened administrative agencies.'"  *Id.* (quoting *Zheng v. Reno*, 166 F. Supp. 2d 875, 879-80 (S.D.N.Y. 2001)).

[8]  More specifically, the court lacks confidence that the defendants will take any action at all in the foreseeable future on the plaintiffs' applications without a court order.  No representative from any of the defendants, aside from their counsel, appeared at the hearing before the court, no declaration has been filed on behalf of defendant Mueller or the FBI, and the declaration filed by CIS Officer Walker is directly contradictory to the facts with regard to whether the plaintiffs have formally asked CIS for expedited processing.

The court further finds that unless immediate action is taken on their applications, the plaintiffs will suffer further and increased interference with their livelihood and with their important research rising to the level of irreparable harm.  This interference includes, but is not limited to, Dr. Xioaqing's NIH research grant, for which she cannot reapply next year.

[9]  More specifically, in addition to the public interest in preserving Dr. Xiaoqing Tang's NIH grant, the court notes that Dr. Guiliang Tang's own visa declares that he and his work are in the nation's interest.

The court further finds that the injunctive relief sought by the plaintiffs will not harm the defendants because the court's order merely directs the defendants to

11

Accordingly,

     **IT IS ORDERED** that the plaintiffs' motion for a preliminary injunction (DE 6) is **GRANTED**. In keeping with the court's previous order, no later than September 5, 2007, the defendants are **DIRECTED** to complete the process begun when the plaintiffs filed their I-485 applications in 2004, and to notify the plaintiffs of the result of those applications.

     **IT IS FURTHER ORDERED** that the defendants' motion to dismiss (DE 8, 9) is **DENIED**.


      Signed on August 29, 2007



*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

do what they are supposed to do in the absence of a court order.

    Last, because the defendants have advanced no justification for the delay in the plaintiffs' applications other than the simple existence of the backlog in which the plaintiffs' applications are presently mired, the court finds that the plaintiffs have shown a likelihood of success on the merits of their claim.